USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
    :
RUBY CHACKO,    :
                      Plaintiff,    :
    :    20-CV-10697 (VEC)
          -against-    :
    :    OPINION & ORDER
    :
OFFICE OF THE NEW YORK STATE    :
COMPTROLLER, and THOMAS P. DINAPOLI, in    :
his Official Capacity, as COMPTROLLER OF THE    :
STATE OF NEW YORK,    :
                    Defendants.    :
    :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge

        Plaintiff Ruby Chacko has sued the Office of the New York State Comptroller ("OSC") and Thomas DiNapoli, in his official capacity as Comptroller of the State of New York, alleging (1) discrimination and (2) retaliation by OSC in violation of Title VII of the Civil Rights Act of 1964 and (3) discrimination and (4) retaliation by OSC and DiNapoli in violation of 42 U.S.C. § 1983. *See* Compl., Dkt. 3. Defendants have moved to dismiss Plaintiff's complaint, in part, arguing that: (1) Plaintiff's Title VII claims must be dismissed as to allegations involving the conduct of Teranmattie Mahtoo-Dhanraj and Erica Zawrotniak because Plaintiff did not include those allegations in her EEOC Charge and, thus, did not exhaust administrative remedies as to those allegations; and (2) Plaintiff's § 1983 claims must be dismissed in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defs. Mot. to Dismiss, Dkt. 11; Defs. Mem. of Law, Dkt. 13. Plaintiff opposes the motion to dismiss her Title VII claims but does not contest the motion to dismiss her § 1983 claims. *See* Pl. Mem. of Law, Dkt. 19. For the reasons discussed below, Defendants' partial motion to dismiss is GRANTED.

1

## BACKGROUND

Plaintiff Ruby Chacko is a Christian who was born in India. Compl. ¶¶ 10–12. From December 27, 2018, to August 28, 2019, she was a probationary employee of the OSC in the State Government Accountability office. *Id.* ¶¶ 13–14, 19. Defendants are OSC, a state agency, and New York State Comptroller Thomas DiNapoli, sued in his official capacity. *Id.* ¶¶ 15–16.

Plaintiff was an auditor with OSC with the official title of State Program Examiner. *Id.* ¶¶ 14, 18. Plaintiff did not experience any difficulties with her supervisors on the team to which she was initially assigned. *Id.* ¶ 24. On March 7, 2019, Plaintiff was given her first performance evaluation, receiving an overall rating of "satisfactory," the highest overall rating a probationary employee can receive. *Id.* ¶¶ 22–23. Afterwards, Plaintiff was moved to another team, this one supervised by Erica Zawrotniak. While assigned to this team, Plaintiff alleges that she "experienced discriminatory behavior from a colleague: [Teranmattie] Mahtoo[-]Dhanraj, who contributed to the creation of a hostile work environment against Plaintiff." *Id.* ¶¶ 25–27. Plaintiff alleges that Mahtoo-Dhanraj yelled at her publicly and was verbally abusive towards her on several occasions. *Id.* ¶¶ 27, 29–30. Plaintiff alleges that she complained about Mahtoo-Dhanraj's conduct to Beverly Jones, a Labor Relations employee, on or about April 18, 2019. *Id.* ¶ 28.

On or around May 22, 2019, Plaintiff was transferred to a different team. *Id.* ¶ 31. Approximately three weeks later, Plaintiff received a performance evaluation from Erica Zawrotniak, her supervisor from the previous team; Plaintiff's overall rating was "needs improvement." Compl. ¶¶ 34, 36. Plaintiff alleges that this rating was unwarranted and was, in fact, pretext for discrimination and retaliation; according to Plaintiff, the issues identified in her

evaluation "were minor and could have been attributed to Plaintiff's brief tenure in the position and to a lack of training and mentorship from her superiors." *Id.* ¶¶ 37–38.

Plaintiff further alleges that she was the victim of "continued discriminatory conduct" by her new supervisor, Kamal Elsayed. *Id.* ¶ 50. In particular, Plaintiff alleges that, over the course of approximately two months, Elsayed discriminated against her based on her race, national origin, religion, and sex. *Id.* ¶¶ 51, 54–56, 60. Plaintiff also alleges that Elsayed yelled at her, threatened to give her a negative evaluation, and asked her inappropriate questions. *Id.* ¶¶ 53, 59–61. On or around July 19, 2019, Plaintiff asked Human Resources to have "the Labor Relations department investigate her complaints against Elsayed." *Id.* ¶¶ 62–63.

Plaintiff alleges that, "without warning," she was issued a probation termination evaluation, in which she received a rating of "unsatisfactory," meaning that she had not passed probation and would be terminated. *Id.* ¶¶ 66, 69. According to Plaintiff, she was informed that she could either resign or be terminated from OSC, and that she should not apply for other positions with the Comptroller's Office for seven to ten years because of her final, unsatisfactory evaluation. *Id.* ¶¶ 73–74. Plaintiff resigned on August 28, 2019. *Id.* ¶¶ 13, 75.

On October 17, 2019, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") in which she alleged that she was discriminated against on the basis of race, sex, religion, and national origin, and retaliated against for filing an internal complaint about such discrimination. *Id.* ¶ 6; *see also* Decl. of Jenika Conboy, Dkt. 12-1, Ex. 1 at 4 [hereinafter "EEOC Charge"]. Plaintiff's EEOC Charge detailed alleged misconduct by Kamal Elsayed and Beverly Jones, but not by Teranmattie Mahtoo-Dhanraj and Erica Zawrotniak. *See* EEOC Charge at 4–5. On October 1, 2020, the EEOC notified Plaintiff of her right to sue. Compl. ¶ 7. Plaintiff filed this action on December 30, 2020. *See generally id.*

## DISCUSSION

**I. Plaintiff's Title VII Claims Are Dismissed as to Allegations Involving Teranmattie Mahtoo-Dhanraj and Erica Zawrotniak**

Defendants move to dismiss Plaintiff's first and second causes of action, arguing that Plaintiff failed to exhaust her administrative remedies as to the conduct underlying those claims. Defs. Mem. of Law at 12–17. Defendants argue that "Chacko partially predicates her Title VII hostile work environment and retaliation claims on conduct involving supervisors and employees other than Elsayed" but that "she failed to present these allegations at the EEOC administrative level, and therefore, they must be dismissed." *Id.* at 12.

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (citations omitted); *see also* 42 U.S.C. § 2000e–5(e), (f); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (describing Title VII exhaustion as requiring that "a claimant . . . file[ ] a timely complaint with the EEOC and obtain[ ] a right-to-sue letter") (citations omitted). Exhaustion of the administrative process "is an essential element of Title VII's statutory scheme." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (cleaned up).

"Claims not raised in an EEOC complaint . . . may be brought in federal court if they are 'reasonably related' to the claim filed with the agency." *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (citing *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993)); *see also Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003) (such claims must be "sufficiently related to the allegations in the charge that it would be unfair to civil rights plaintiffs to bar" them) (citation omitted). This "reasonably related" exception to the exhaustion requirement "'is essentially an allowance of loose pleading' and is based on the

recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering.'" *Deravin*, 335 F.3d at 201 (alteration in original) (quoting *Butts*, 990 F.2d at 1402).

The Second Circuit has recognized only three circumstances in which claims not made in an EEOC charge are sufficiently related to the charge to be asserted in a civil action:

> 1) where "the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination'"; 2) where the complaint is "one alleging retaliation by an employer against an employee for filing an EEOC charge"; and 3) where the complaint "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge."

*Terry*, 336 F.3d at 151 (quoting *Butts*, 990 F.2d at 1402–03).

Here, Defendants argue that Plaintiff's allegations involving Teranmattie Mahtoo-Dhanraj and Erica Zawrotniak must be dismissed because they are beyond the scope of Plaintiff's EEOC Charge and are not reasonably related to the allegations she did make. Defs. Mem. of Law at 12–17. The Court agrees.

### A. The Allegations Involving Conduct by Mahtoo-Dhanraj and Zawrotniak Are Outside the Scope of Plaintiff's EEOC Charge

In her EEOC Charge, Plaintiff alleged that she experienced discrimination on the basis of race, sex, religion, and national origin, as well as retaliation for filing an internal complaint about that discriminatory behavior. EEOC Charge at 4. Plaintiff levied her allegations against two co-workers, Kamal Elsayed and Beverly Jones.[1] *Id.* at 4–5. In her federal complaint, however,

---

[1] Plaintiff's EEOC Charge also mentions Joseph Gillooly, Mr. Elsayed's supervisor who wrote Plaintiff's probation termination review. *See* EEOC Charge at 5.

Plaintiff predicates her Title VII claims on the actions of Elsayed and Jones[2] as well as the actions of Teranmattie Mahtoo-Dhanraj and Erica Zawrotniak. Compl. ¶¶ 26–30, 34–49. Defendants argue that, by doing so, Plaintiff is attempting to "expand her hostile work environment claim to include new discriminatory acts beyond those involving Elsayed," and "that Chacko's failure to present these claims in her EEOC charge necessarily means that she has failed to exhaust these claims at the EEOC level." Defs. Reply Mem. of Law, Dkt. 22 at 3. Plaintiff argues that, "insofar as allegations of discrimination as to Mahtoo-Dhanraj and Zawrotniak were included in Plaintiff's Rebuttal Statement and Defendants' Verified Position Statement they were properly raised before the EEOC." Pl. Mem. of Law at 9.

The law is clear that "it is [the] substance of the *charge* . . . that controls." *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 458 (S.D.N.Y. 1998) (emphasis added); *see also Deravin*, 335 F.3d at 201 ("[T]he focus should be on the factual allegations made *in the EEOC charge itself*, describing the discriminatory conduct about which a plaintiff is grieving.") (cleaned up) (emphasis added); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 83 (2d Cir. 2001) ("EEOC regulations do allow 'written statements' of fact to amend a charge, but only insofar as they 'clarify and amplify allegations made' in the original charge or 'alleg[e] additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge.'") (quoting 29 C.F.R. § 1601.12(b)). Here, Plaintiff's EEOC Charge did not mention Mahtoo-Dhanraj or Zawrotniak at all. Further, the incidents involving Mahtoo-

---

[2] Plaintiff's federal claims against Jones are flimsy at best, as she mentions Jones only once in the complaint. *See* Compl. ¶ 28 ("On or about April 18, 2019, Plaintiff complained to Labor Relations employee Beverly Jones about Dhanraj's conduct toward Plaintiff."). By failing to allege any retaliatory acts by Jones in her federal complaint, Plaintiff appears to have abandoned the claims she made against Jones in her EEOC Charge. *See* EEOC Charge at 5 ("On 8/21/19, during the probation termination exit interview, Ms. Beverly Jones – HR Specialist said 'you cannot apply for other positions at our agency, because your probation termination will be retained in our personnel files for 10 years, and we will not contact you from any eligible exam lists.' I believe this is unfair, and further retaliation that affects my job prospects.").

Dhanraj and Zawrotniak that were mentioned in Defendants' Verified Position Statement and Plaintiff's Rebuttal Statement are distinct and separate from Plaintiff's allegations against Elsayed and Jones and, thus, do not serve to clarify or amplify, nor grow out of, the latter.[3]

Accordingly, because Plaintiff's federal allegations regarding Mahtoo-Dhanraj and Zawrotniak are outside the scope of the EEOC Charge, they can only survive Defendants' motion to dismiss if they are reasonably related to Plaintiff's EEOC Charge.

### B. The Allegations Regarding Conduct by Mahtoo-Dhanraj and Zawrotniak Are Not Reasonably Related to the Allegations in Plaintiff's EEOC Charge

Defendants argue that the allegations in Plaintiff's complaint regarding Mahtoo-Dhanraj and Zawrotniak are not reasonably related to the allegations in Plaintiff's EEOC Charge. Defs. Mem. of Law at 14. As described *supra*, there are three exceptions pursuant to which allegations outside the scope of an EEOC charge may nevertheless be actionable in federal court: (1) the allegations would fall within the scope of an EEOC investigation that arises from the charge; (2) the claims allege retaliation against a Plaintiff for filing an EEOC charge; and (3) the claims allege discrimination that was "carried out in precisely the same manner as alleged in the EEOC charge." *Butts*, 990 F.2d at 1403 (citation omitted). None of these exceptions is met here.

#### 1. The Allegations Regarding Conduct by Mahtoo-Dhanraj and Zawrotniak Are Outside the Scope of the EEOC Investigation

A claim is considered reasonably related to the allegations in an EEOC charge if it "would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge' that was made." *Fitzgerald v. Henderson*, 251 F.3d 345, 359–60 (2d Cir.

---

[3] In her EEOC Rebuttal Statement, Plaintiff detailed a conversation that she had with others at OSC in which she discussed Zawrotniak and Elsayed; Plaintiff described the mentions of each individual as distinct parts of the conversation. *See, e.g.*, Decl. of David Tannenbaum, Dkt. 19-1, Ex. B at 45 [hereinafter "Pl. Rebuttal Statement"] ("Hernandez first enquired about what the 'issues' were with the MTA - ACE audit (Zawrotniak/Ibrahim) & 6 Month Evaluation. . . . We then discussed Kamal El Sayed."). There is overlap in the Rebuttal Statement between Elsayed and Mahtoo-Dhanraj, but only when Elsayed was describing Mahtoo-Dhanraj's behavior to Plaintiff, not any instance in which the two of them acted together. *Id.* at 43.

2001) (citation omitted). "[T]he focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Deravin*, 335 F.3d at 201 (cleaned up); *see also Alonzo*, 25 F. Supp. 2d at 458 (the "substance of the charge . . . controls" the scope of the investigation). The central question is whether the complaint filed with the EEOC gave that agency "adequate notice to investigation discrimination on both bases." *Deravin*, 335 F.3d at 202.

Allegations fall within the scope of an EEOC investigation when they are matters that the agency would have had reason to investigate. *Id.* For example, "[c]laim[ing] that an alleged sexual harasser was reinstalled as [your] boss" provides enough notice for the EEOC to investigate sex discrimination even if "there was no check in the box marked 'Sex.'" *Williams*, 458 F.3d at 71. Similarly, an EEOC charge describing one form of discrimination, such as national origin, can allow for allegations of discrimination on similar grounds, such as race. *Deravin*, 335 F.3d at 202–03. There need only be a natural link between the discrimination alleged in the EEOC charge and the additional discrimination alleged in the federal complaint.

Here, there is no need to ponder whether the allegations regarding conduct of Mahtoo-Dhanraj and Zawrotniak would fall within the scope of Plaintiff's EEOC's investigation because they were, in fact, mentioned as part of that investigation — although not in Plaintiff's EEOC Charge. *See* Decl. of David Tannenbaum, Dkt. 19-1, Ex. A ¶ 17 [hereinafter "Verified Position Statement"] (detailing alleged instances of "unprofessionalism, professional jealousy and general unpleasantness" by Mahtoo-Dhanraj toward Plaintiff);[4] *see also* Pl. Rebuttal Statement at 43

---

[4] Defendants' Verified Position Statement also discusses Zawrotniak's evaluation of Plaintiff, explaining why she was the one who completed the evaluation, the rating that Plaintiff received, the rationale behind that rating, and Plaintiff's response to her evaluation. *See* Verified Position Statement ¶¶ 19–28. None of the details contained therein can be construed as allegations of misconduct, discriminatory or otherwise.

(detailing rumors Plaintiff had heard about Mahtoo-Dhanraj, including her "yelling at colleagues and making false and/or aggrandized claims").

The mere mention of potential misconduct, however — in EEOC documents subsequent to Plaintiff's Charge — does not alone make those statements reasonably related to Plaintiff's allegations in her EEOC Charge such that they are actionable. The acts described must, themselves, be discriminatory so that the EEOC would have been on notice to investigate them. Here, the EEOC would have had no reason to investigate Mahtoo-Dhanraj or Zawrotniak; neither the initial Charge nor any subsequent EEOC document actually alleged discriminatory conduct by either. Despite conclusory statements now that Mahtoo-Dhanraj discriminated against her, Plaintiff stated explicitly in her EEOC Rebuttal Statement that Mahtoo-Dhanraj "had not made any comments about religion, national origin, gender, etc." — i.e., that Mahtoo-Dhanraj did not discriminate against her based on the protected traits alleged in her EEOC Charge. Pl. Rebuttal Statement at 45. Similarly, Plaintiff's only mention of Zawrotniak at the EEOC, aside from affirming Zawrotniak's role as Plaintiff's supervisor and evaluator, *see id.* at 35, 37, 46, 50, was a conclusory statement that Zawrotniak's evaluation of Plaintiff was "heavily biased" — without any further detail about the source of or motivation for such bias. *Id.* at 45.[5]

It is clear from Plaintiff's EEOC filings that her focus and, therefore, the focus of the EEOC's investigation, was on Elsayed and, peripherally, on Jones; Mahtoo-Dhanraj and Zawrotniak are just two of many former co-workers that Plaintiff mentioned, and not even the ones mentioned the most. *See, e.g.*, *id.* at 35–37 (discussing Joseph Gillooly, Mr. Elsayed's supervisor); *id.* at 37, 43, 45 (discussing Erica Ibrahim, Ms. Zawrotniak's supervisor).

---

[5] Plaintiff asserted that her evaluation was completed by Zawrotniak and Zawrotniak's supervisor, Erica Ibrahim, *see* Pl. Rebuttal Statement at 45; it is not clear why Plaintiff now places the blame for any alleged bias solely on Zawrotniak.

9

Accordingly, Plaintiff did not allege sufficiently before the EEOC that Mahtoo-Dhanraj or Zawrotniak's conduct was discriminatory,[6] let alone that their conduct was related to the allegations in Plaintiff's charge such that it would warrant investigation by the EEOC. *See Small v. Garland*, No. 18-CV-5659, 2021 WL 1226979, at *18 (S.D.N.Y. Mar. 31, 2021) (declining "to adopt a rule whereby once an allegation of [] misconduct is raised in an EEOC proceeding, the plaintiff can then raise any number of unrelated allegations, concerning conduct by different employees, in future district court proceedings, so long as they relate to conditions at the institution.") (cleaned up).

Because the alleged conduct of Mahtoo-Dhanraj and Zawrotniak would not "fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge" that was made, *Terry*, 336 F.3d at 151 (cleaned up), the first "reasonably related" exception does not apply.

### 2. Plaintiff Has Not Adequately Alleged Retaliation for Filing an EEOC Charge

Allegations of retaliation are reasonably related to a plaintiff's EEOC charge when the plaintiff is "alleging retaliation by an employer . . . for filing an EEOC charge." *Id.* (citation omitted). For this exception to apply, the retaliation must occur "while the EEOC charge is still pending." *Duplan v. City of N.Y.*, 888 F.3d 612, 622 (2d Cir. 2018); *see also id.* ("It is well established that the plaintiff may then sue in federal court on both the adverse actions that gave the impetus for the initial EEOC charge and the retaliation that occurred thereafter, even though

---

[6] Plaintiff also alleges in this lawsuit that her poor evaluation from Zawrotniak was retaliation for reporting Mahtoo-Dhanraj's behavior. Compl. ¶¶ 34–49. In order to bring Title VII retaliation claims, however, the retaliation must occur as a result of reporting discrimination based on a protected trait. *Ramsy v. Marriot Int'l, Inc.*, 952 F.3d 379, 391 (2d Cir. 2020). Because Mahtoo-Dhanraj's behavior was not alleged to be discriminatory, Zawrotniak's alleged retaliation against Plaintiff for reporting Mahtoo-Dhanraj's behavior would not fall within the scope of the EEOC investigation.

no separate or amended EEOC charge encompassing the subsequent retaliation was ever filed.") (citation omitted). Here, the alleged retaliation occurred *before* Plaintiff filed her EEOC Charge, as Zawrotniak's allegedly retaliatory acts occurred in June and July 2019 but Plaintiff did not file her EEOC Charge until October 2019.[7] Because there is no possibility that the complained of conduct by Zawrotniak was retaliation because Plaintiff filed an EEOC Charge, this exception does not apply.

### 3. The Alleged Misconduct by Mahtoo-Dhanraj and Zawrotniak Was Not "Carried Out in Precisely the Same Manner Alleged in the EEOC Charge"

Allegations outside the scope of an EEOC charge may also be reasonably related when they are "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018) (quoting *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002)). Courts apply this exception narrowly, hewing closely to the requirement that later discrimination be carried out in "precisely the same manner alleged." *See Alfano*, 294 F.3d at 382 ("A generalized allegation that rules and regulations are applied improperly is not enough to alert the EEOC to a subsequent termination; if it were, the exhaustion requirement would be eviscerated.").

As already discussed, Plaintiff did not adequately allege in her EEOC filings acts of discrimination by Mahtoo-Dhanraj and Zawrotniak based on a protected trait. *See supra* at 9–10. Thus, their actions cannot constitute discrimination "carried out in precisely the same manner" as the alleged race, sex, religion, and national origin discrimination and retaliation by Elsayed and Jones. Accordingly, this exception does not apply.

---

[7] Plaintiff does not allege that Mahtoo-Dhanraj's actions were retaliatory, let alone that they occurred while Plaintiff's EEOC Charge was pending. Thus, Plaintiff's claims involving conduct by Mahtoo-Dhanraj also do not fall within this exception.

Because Plaintiff's claims involving conduct by Mahtoo-Dhanraj and Zawrotniak do not fall within the scope of Plaintiff's EEOC Charge and are not reasonably related to the allegations that are in her EEOC Charge, Plaintiff has not exhausted her administrative remedies as to her claims related to the conduct of Mahtoo-Dhanraj and Zawrotniak. Thus, Defendants' partial motion to dismiss Plaintiff's Title VII claims with respect to allegations involving Mahtoo-Dhanraj and Zawrotniak is granted.

## II. Chacko's § 1983 Claims Are Dismissed

Defendants move to dismiss Plaintiff's § 1983 claims — Plaintiff's third and fourth causes of action — on three grounds: (1) the Court lacks jurisdiction because the Eleventh Amendment protects both OSC and Comptroller DiNapoli from liability; (2) even assuming the Court had jurisdiction over Plaintiff's § 1983 claims, Plaintiff fails to state a claim for relief under § 1983; and (3) with respect to Defendant DiNapoli, Plaintiff fails to allege that DiNapoli had any personal involvement in the alleged misconduct. Defs. Mem. of Law at 2, 8–12. Plaintiff does not oppose Defendants' motion to dismiss her § 1983 claims. Pl. Mem. of Law at 1. Accordingly, Chacko's § 1983 claims have been abandoned and are, therefore, dismissed. *Malik v. City of N.Y.*, 841 F. App'x 281, 283–84 (2d Cir. 2021) ("When a party fails adequately to present arguments in a brief, a court may properly consider those arguments abandoned" and, accordingly, dismissal of corresponding claims is proper.) (cleaned up).

## III. Leave to Amend Is Denied as Futile

Plaintiff has requested leave to amend her complaint in the event of dismissal or partial dismissal. Pl. Mem. of Law at 14. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may properly be denied if an amendment would be futile. *Cox v. Blackberry Ltd.*, 660 F. App'x 23, 25 (2d Cir.

12

2016).  Here, amendment would be futile with respect to Plaintiff's Title VII claims because no additional facts will cure the absence of allegations concerning Mahtoo-Dhanraj and Zawrotniak in Plaintiff's October 17, 2019, EEOC Charge.  As to the § 1983 claims, because Plaintiff did not oppose the motion to dismiss, that claim was abandoned.  Thus, leave to amend Plaintiff's complaint is denied.

## CONCLUSION

For the reasons discussed above, Defendants' partial motion to dismiss is granted. Plaintiff's first and second claims are dismissed with respect to all allegations against Teranmattie Mahtoo-Dhanraj and Erica Zawrotniak, and Plaintiff's third and fourth claims are dismissed in their entirety with prejudice.  Chacko's request for leave to amend is denied, and Defendant Thomas DiNapoli is dismissed as a Defendant in this matter.  The Clerk of Court is respectfully directed to close the open motion at docket entry 11.

**SO ORDERED.**

_____
**Date:  November 30, 2021**                                     **VALERIE CAPRONI**
       **New York, New York**                                    **United States District Judge**